FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAWN M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00231-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Cory Brandt represents Dawn M. (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on April 25, 2014, alleging disability since August 27, 2013, due to back conditions, headaches, blurred vision, Tourette Syndrome, and a neck injury. Tr. 169-70, 232. The application was denied initially and upon reconsideration. Tr. 104-06, 114-16. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on February 22, 2017, Tr. 36-63, and issued an unfavorable decision on April 5, 2017, Tr. 16-29. The Appeals Council denied Plaintiff's request for review on May 23, 2018. Tr. 1-

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

4. The ALJ's April 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 23, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on August 5, 1967 and was 46 years old on the alleged onset date, August 27, 2013, and 47 years old as of the date last insured. Tr. 76. She has a high school education and work history as a cashier, dealer, and pit boss in a casino, and in-home caretaker for disabled adults. Tr. 56, 207. She experienced an on-the-job injury in August 2013 when she intervened in an altercation between two residents at her place of employment. Tr. 51. She returned to work at a lighter duty position in November 2013, but the position was not available after December 2013. Tr. 51-52.

In her application, Plaintiff alleged disability due to an inability to use the right side of her body without extreme pain, weakness, and numbing. Tr. 192. She was able to engage in some household chores and to care for her child and pets, though she stated she needed assistance from her husband. Tr. 192-95. She further indicated that she was unable to concentrate for extended periods of time due to pain. Tr. 199-204.

At the hearing, Plaintiff testified her neck pain caused the greatest difficulties, and that since leaving her job, her functional abilities had progressively worsened, resulting in difficulty standing and functioning around the home. Tr. 52-53. She testified she had been using a cane, walker, or wheelchair since shortly after her August 2013 injury. Tr. 49-50.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to

other work, and (2) the claimant can perform specific jobs which are available in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 5, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 27, 2013, the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the spine, causing chronic neck and back pain. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertion level work with the following additional limitations:

> she could not operate right side foot controls, and could only occasionally operate left side foot controls. She could occasionally perform any postural activity, except that she could never climb ladders, ropes, or scaffolds. She could occasionally reach overhead bilaterally. She needed to avoid concentrated exposure to extreme temperatures, heavy vibration, respiratory irritants, and all hazards.

Tr. 20.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a gambling cashier, cashier I, order clerk, and checker II. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 27, 2013, the alleged onset date, through the date last insured, December 31, 2014. Tr. 28.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to adequately develop the record; (2) improperly rejecting a medical opinion; and (3) making insufficient step four findings.

**DISCUSSION[1]**

**1. Development of the Record**

Plaintiff alleges the ALJ erred by failing to further develop the record with a consultative psychological exam to investigate the nature of Plaintiff's mental health. ECF No. 14 at 11.

An ALJ has a duty to ensure that the administrative record is fully and fairly developed. 20 C.F.R. § 404.1512(b); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Under certain circumstances, an ALJ may order a consultative exam, such as when a medical source cannot or will not provide sufficient medical evidence about a claimant's condition. 20 C.F.R. § 404.1517. However, the obligation to develop the record is not unlimited, and "is triggered only when there

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The evidence in this case was not ambiguous or inadequate to the point of triggering the ALJ's duty to obtain an additional exam.

In her initial application materials, Plaintiff did not allege any mental health impairments as the basis for her disability. Tr. 232. Though she reported difficulties with concentration and memory, she attributed these problems to her physical pain, and not a psychological condition. Tr. 203. She received no mental health treatment during the relevant period. A depression questionnaire administered by John Begley, PA-C, in October 2013, revealed few mental health symptoms, and Plaintiff reported that the symptoms she did experience did not make it difficult at all for her to engage in regular activities or get along with other people. Tr. 402-03. Upon initial assessment of the application by Social Security, the reviewing doctor, Myles Friedland, Ph.D., noted psychological issues did not warrant development as there did not appear to be any mental work-related limitations. Tr. 68.

The single note from Dr. Moise suggesting that Plaintiff's EMG testing results could possibly be due to a conversion disorder does not generate enough ambiguity in the record to trigger the ALJ's duty to order additional testing. Dr. Moise stated the testing results were "due to either conversion disorder or sub maximal effort, rather than nerve or muscle abnormality." Tr. 479. A conversion disorder was simply one possible explanation. Multiple other providers offered conclusions that Plaintiff was not engaged in full effort on exam, or that she exhibited significant pain behavior or symptom magnification. Tr. 308-09, 360, 367. No other providers mentioned the possibility of a conversion disorder. Therefore, the record is not ambiguous or inadequate, and the ALJ did not err in failing to order additional psychological testing.

## 2. Medical Opinion Evidence

Plaintiff contends the ALJ erred by improperly rejecting the opinion of consultative examiner Dr. Kevin Weeks. ECF No. 14 at 11-13.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Weeks' opinion is contradicted by other opinions in the record. Tr. 45-46, 80-81, 95-96, 301-09. Therefore, the ALJ was required to give specific and legitimate reasons for the rejection.

Dr. Weeks performed a consultative physical exam on September 27, 2014. Tr. 480-85. He reviewed available medical records, including imaging, and performed a physical examination. *Id.* He concluded Plaintiff was capable of standing and walking for less than two hours, could sit about two or three hours in an eight hour workday, and could lift and carry less than ten pounds. Tr. 484. He also assessed postural, manipulative, and environmental limitations, and stated that Plaintiff's use of a cane appeared medically necessary. Tr. 484-85.

The ALJ gave this opinion little weight because it was based on a one-time exam, it was inconsistent with other objective evidence in the record, the doctor failed to explain apparent inconsistencies between the mild records reviewed and the severe findings in his opinion, he did not review some relevant objective

testing, and he appeared to have accepted Plaintiff's presentation despite other evidence documenting inconsistent and nonphysiological presentations. Tr. 24-25.

An ALJ may reject an examining physician's opinion when it is inconsistent with the majority of the objective evidence. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The record contains numerous objective findings that showed no more than mild impairment, or no impairment at all, demonstrating inconsistency with Dr. Weeks' conclusions. Tr. 463-64 (no more than mild findings on cervical MRI); Tr. 466 (essentially normal lumbar MRI); Tr. 468-70 (no significant findings on cervical, thoracic, and lumbar imaging). The medical expert at the hearing testified that EMG testing done in August 2014 (which was not available to Dr. Weeks), indicated that no manipulative limitations were warranted. Tr. 46-47. The ALJ's interpretation of the inconsistency between Dr. Weeks' findings and the objective imaging is supported by the explanations from the state agency reviewing doctors. Tr. 67, 82, 92, 97, 101. Therefore, this was a specific and legitimate basis for the ALJ to reject Dr. Weeks' opinion.

A doctor's opinion may also be discounted if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ concluded that Dr. Weeks "appears to have accepted claimant's presentation carte blanche, even though the record is replete with references by multiple examiners (including claimant's treating physician) that her presentations are inconsistent and non-physiological at examinations." Tr. 25. Elsewhere in the decision the ALJ found Plaintiff's subjective symptom reports to be inconsistent with the medical evidence and other evidence in the record, Tr. 21, a finding Plaintiff has not challenged. ECF No. 14. In conjunction with the ALJ's discussion of the objective medical evidence that is inconsistent with Dr. Weeks' opinion, the ALJ's conclusion that the opinion was based largely on Plaintiff's unreliable reports is supported by substantial evidence.

While Plaintiff encourages an alternative interpretation of the record in support of Dr. Weeks' conclusions, the ALJ's interpretation is rational and supported by substantial evidence. *Burch v. Barnhardt*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### 3. Step Four

Plaintiff argues the ALJ failed to conduct a proper step four assessment. ECF No. 14 at 13-15. To the extent Plaintiff alleges error based on the ALJ's rejection of Dr. Weeks' opinion, the Court finds no error for the reasons discussed above. Plaintiff additionally asserts the ALJ failed to make the requisite findings in determining Plaintiff was capable of performing her past relevant work.

A claimant has the burden of showing that she can no longer perform her past relevant work. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(f). Although the claimant has the burden of proof at step four, an ALJ must still make "the requisite factual findings" to support her conclusions. *Pinto v. Massinari*, 249 F.3d 840, 844 (9th Cir. 2001). An ALJ's determination at step four "must be developed and explained fully" and contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to her past job or occupation. *See* Social Security Ruling (S.S.R.) 82-62.

The ALJ made all required findings. The ALJ obtained a description of the past relevant work from the vocational expert. Tr. 59-60. She then posed a hypothetical scenario to the vocational expert that matched the eventual RFC finding. Tr. 60-61. The vocational expert testified that such a person could perform some of Plaintiff's past relevant work as it was described in the Dictionary of Occupational Titles. Tr. 61. All necessary findings appear in the ALJ's decision. Tr. 27.

Plaintiff asserts the ALJ's decision parallels the facts of *Pinto v. Massinari*, in which the Ninth Circuit found flaws in the ALJ's step four findings. However, the facts of *Pinto* are distinct. In that case, the ALJ failed to indicate whether Plaintiff was capable of performing her past relevant work as she actually performed it or as it was generally performed. *Pinto*, 249 F.3d at 845. The past work as actually and generally performed was facially inconsistent with the RFC findings, and the ALJ failed to resolve the inconsistency. *Id.* at 845-47. Without specific findings in the decision as to how the ALJ reached the conclusion that the claimant was capable of performing her past work given these discrepancies, the Ninth Circuit found the ALJ's decision difficult to review and ultimately unsupported by the administrative record. *Id.* at 847-48.

Here, Plaintiff makes no such assertions of inconsistencies with the RFC, or that the ALJ's ultimate step four findings were incorrect. As the ALJ made all necessary findings to support the step four decision, the Court finds no error.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED April 18, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE